UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT W. LYNN,**

    **Plaintiff,**

vs.                                        **CASE NO.:**

**USA TREE SERVICE, LLC,**
**a Florida Limited Liability Company,**
**KAREN KETTNER, individually, and**
**CHRISTOPHER T. RICHARDSON,**
**Individually,**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, ROBERT W. LYNN, by and through his undersigned counsel, and sues the Defendants, USA TREE SERVICE, LLC, a Florida Limited Liability Company, Karen Kettner, individually, and Christopher T. Richardson, Individually, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 139l(b).

## PARTIES

3. Plaintiff, ROBERT W. LYNN ("LYNN"), is a resident of Hernando County, Florida at all times material and worked for Defendant in this Judicial District during the applicable statute of limitations.

4. Defendant, USA TREE SERVICE, LLC, is a Florida Limited Liability Company, authorized and doing business in this Judicial District.

5. Defendant, Karen Kettner is a principal of Defendant USA TREE SERVICE, LLC, exercised day-to-day control of daily operations, was involved in the supervision and payment of employees, including Plaintiff, and made, approved, or ratified the unlawful pay practices alleged herein.

6. Defendant Christopher T. Richardson is a principal of Defendant USA TREE SERVICE, LLC, exercised day-to-day control of daily operations, was involved in the supervision and payment of employees, including Plaintiff, and made, approved, or ratified the unlawful pay practices alleged herein.

7. Defendants were joint employers and/or an integrated enterprise who employed plaintiff and joint and severally liable for the unlawful pay practices alleged herein.

8. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

9. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiffs employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

10. Plaintiff, ROBERT W. LYNN, was employed with Defendants from approximately 2015 until his discharge on or about January 2, 2020 as an equipment operator/foreman earning approximately $15.00 per hour.

11. Plaintiff worked in excess of 40 hours per work week for which he was not compensated by Defendants at a rate of time and one half his regular hourly rate.

12. Plaintiff was not paid at least minimum wage for each our worked in each work week while employed by Defendants.

13. Defendants failed to pay Plaintiff his agreed upon hourly rate for each hour worked in each work week while working for Defendants.

14. When Plaintiff inquired about the underpayment of proper wages for all hours worked, Defendant Kettner indicated he could quit if he did not want to accept her method of paying wages, effectively discharging Plaintiff in retaliation for requesting proper payment of wages.

## COUNT I
## FAIR LABOR STANDARDS ACT - OVERTIME

15. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

16. Plaintiffs employment with Defendants provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per workweek.

17. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by

law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

18. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

19. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, ROBERT W. LYNN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
## UNPAID WAGES

20. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

21. Plaintiff was employed with Defendants from approximately 2015 until he resigned on or about January 2, 2020 as an equipment operator.

22. Plaintiff is entitled to wages, which are owed and payable by Defendants, pursuant to Florida Statute Chapter 448.

23. Defendants, despite Plaintiffs reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.

24. Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

**WHEREFORE**, Plaintiff, ROBERT W. LYNN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for earned wages, pre- and post-judgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT III
## FAIR LABOR STANDARDS ACT - MINIMUM WAGE

25. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

26. Plaintiff was not paid at least the required minimum wage required to be paid to employees under the FLSA for each hour worked in each work week.

27. At all times material, Defendants failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage.

28. Defendants' failure to pay Plaintiff the required wage was intentional and willful.

29. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, ROBERT W. LYNN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

### COUNT IV – FLSA RETALIATION

30. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

31. Plaintiff suffered an adverse employment action by Defendants' termination of Plaintiff's employment for complaining that he had not been paid.

32. The above-described acts of retaliation constitute a violation of 29 U.S.C. § 201, et seq., for which Defendants are liable.

33. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

34. As a result of Defendants' unlawful action against Plaintiff, he has and will continue to incur attorney's fees and costs.

**WHEREFORE**, Plaintiff, ROBERT W. LYNN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; back pay, reinstatement, front pay, compensatory damages for emotional pain and suffering, and payment of reasonable attorneys'

fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

35. Plaintiff requests a jury trial on all issues so triable.

Dated this 18th day of August, 2020.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

Trial Attorneys for Plaintiff